*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-244

MARCH TERM, 2013

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Washington Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Zak Winston | } | DOCKET NO. 22-1-11 Wncr |

Trial Judge: Howard E. VanBenthuysen

In the above-entitled cause, the Clerk will enter:

Defendant appeals from his unlawful trespass conviction following a jury trial. He argues that the court committed plain error by denying his motion for judgment of acquittal. We affirm.

Defendant was charged with burglary, felony unlawful trespass, unlawful mischief, and resisting arrest in January 2011. The following evidence was presented at trial. Defendant lived in an apartment complex in Montpelier. At approximately 2:00 a.m. on the date in question, the family living in the apartment next door to defendant heard noises coming from the first floor of their apartment. When they went downstairs, they glimpsed a man exiting their apartment. They then noticed that a television they had received for Christmas was missing. The neighbors called police and exited their apartment. They saw defendant, who was wearing the same clothes as the man they had just seen leaving their apartment. Defendant exited his apartment carrying the box to neighbors' new television. They confronted defendant, who said he had found the television outside. Defendant then returned to his apartment. When police arrived, defendant told them that he had found the television box in front of his door and was throwing it away. He claimed that the box was for his own television. Defendant then reentered his apartment, and a police officer saw defendant carrying a large flat screen television onto the balcony. Defendant then threw the television into the river. Defendant then entered his neighbors' apartment again, apologized for using the wrong door, and returned to his own apartment.

At trial, defendant admitted entering his neighbor's apartment but disputed that he had entered the apartment to commit larceny. He testified that when he returned home from a local bar, he found a large television in his apartment. He looked next door for his girlfriend and entered the neighbors' apartment to retrieve her. Defendant stated that he believed that his girlfriend had stolen the television and that he lied to police to protect her.

The court instructed the jury on the charges, without objection, and the jury convicted defendant of all of the charges except burglary. Defendant then filed a motion for judgment of acquittal notwithstanding the verdict, asserting that his unlawful trespass conviction was inconsistent with his acquittal of the burglary charge. According to defendant, to prove that he committed unlawful trespass, the State needed to show that he had the intent to knowingly commit the crime of unlawful trespass, and if he had no intent to commit the crime at the time

that he entered the apartment, he could not be guilty of it. The court denied defendant's motion, as well as defendant's motion to reconsider. The court rejected the argument that the verdicts were inconsistent, explaining that each crime involved different elements. Even if they were inconsistent, the court continued, the unlawful trespass conviction was appropriate because the jury could reasonably have concluded from the evidence presented that defendant knew he was not licensed or privileged to enter the apartment in question. It repeated that the State did not need to prove that defendant intended to commit the crime of unlawful trespass to convict, it needed only to show that at the time of entry, defendant knew he was neither licensed nor privileged to enter. This appeal followed.

Defendant asserts that to establish his guilt of felony unlawful trespass, the State needed to prove more than that he entered a dwelling house knowing that he was neither licensed nor privileged to do so. Defendant did not object to the court's jury instructions. He appears to argue that, because the jury acquitted him of burglary, he cannot have committed unlawful trespass.

We reject this argument. The court properly instructed the jury on the elements of unlawful trespass, and the State presented sufficient evidence to sustain the jury's verdict. To establish defendant's guilt, the State needed to show that he entered a dwelling house knowing that he was not licensed or privileged to do so. 13 V.S.A. § 3705(d); cf. 13 V.S.A. § 1201(a) ("A person is guilty of burglary if he or she enters any building or structure knowing that he or she is not licensed or privileged to do so, with the intent to commit a felony, petit larceny, simple assault or unlawful mischief."); see also State v. Wigg, 2005 VT 91, ¶ 37, 179 Vt. 65 (recognizing that there is no necessary inconsistency in a verdict when different offenses require different elements to be proved). The necessary state-of-mind for unlawful trespass is that a defendant enters a dwelling house knowing that he or she is not licensed or privileged to do so. This is a subjective standard. State v. Fanger, 164 Vt. 48, 52-53 (1995) (discussing intent element of unlawful trespass). We reject defendant's assertions that some additional mens rea applies or that the State needed to show that he intended to commit unlawful trespass when he entered his neighbor's house. The State presented ample evidence to prove the elements of unlawful trespass beyond a reasonable doubt, and the trial court properly denied defendant's motion to strike his conviction. See State v. Hammond, 2012 VT 48, ¶ 14, 54 A.3d 151 ("The court should enter a judgment of acquittal only if the State fails to offer any evidence to substantiate a jury verdict." (quotation omitted)).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice

2